UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Martin J. BIBBS, | Case No.: 25-cv-00895-AGS-MMP |
|---|---|
| Plaintiff, | |
| v. | **ORDER DISMISSING COMPLAINT AND CLOSING CASE** |
| Damian SERVANTES, et al., | |
| Defendants. | |

Martin J. Bibbs, an inmate suing defendants for civil-rights violations under 42 U.S.C. § 1983, moves to proceed in forma pauperis. For the reasons below, that motion is denied, and the complaint is dismissed without prejudice.

## DISCUSSION

Parties instituting most civil actions in federal court must prepay $405 in fees, including a $350 filing fee and a $55 administrative fee. *See* 28 U.S.C. § 1914(a); Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023). "An action may proceed despite failure to pay the filing fees only if the party is granted" leave to proceed in forma pauperis. *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Bibbs has neither paid the required fees nor moved for IFP status, so this case cannot go forward. Typically, the Court would grant Bibbs additional time to either pay the fee or move for IFP status, but such an effort would be futile in this case.

Prisoners like Bibbs "face an additional hurdle" when filing a civil suit. *See Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). To further "the congressional goal of reducing frivolous prisoner litigation in federal court," prisoners cannot proceed IFP once they "have, while incarcerated, on 3 or more *prior* occasions had claims dismissed due to their frivolity, maliciousness, or failure to state a claim." *Tierney v. Kupers*, 128 F.3d 1310, 1311–12 (9th Cir. 1997) (cleaned up); *see also* 28 U.S.C. § 1915(g) ("In no event shall a prisoner bring a civil action under this section if the prisoner

has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.").

When courts review a dismissal to determine whether it counts as one of these three strikes, "the style of the dismissal or the procedural posture is immaterial" because "the central question is whether the dismissal rang the PLRA [Prison Litigation Reform Act] bells of frivolous, malicious, or failure to state a claim." *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (cleaned up). Prior cases are considered strikes, then, "even if the district court styles such dismissal as denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP for having three strikes, but "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005).

While incarcerated, Bibbs has had at least three prior civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (holding that "a court may take judicial notice of its own records in other cases, as well as the records of [different courts] in other cases"); *see also* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."). Indeed, in March 2024 a court in this district found that Bibbs had "accumulated three 'strikes' pursuant to § 1915(g) while incarcerated" and held that Bibbs "cannot proceed IFP." *Bibbs v. Lewis*, No. 24CV0514-JAH (LR), 2024 WL 1574976 (S.D. Cal. Mar. 25, 2024); *see also Bibbs v. John Doe 1*, 23-cv-2271-RSH-BLM (S.D. Cal. Mar. 19, 2024), ECF 5 (dismissing complaint under three-strikes rule).

Nor does Bibbs meet the "imminent danger of serious physical injury" exception under 28 U.S.C. § 1915(g). Imminent danger requires an allegation that a harm is "ready to take place" or "hanging threateningly over one's head." *Andrews v. Cervantes*, 493 F.3d 1047, 1056 (9th Cir. 2007) (cleaned up). It "cannot be triggered solely by complaints of past injury or generalized fears of possible future harm." *Hernandez v. Williams*, No. 21-cv-347-MMA-KSC, 2021 WL 1317376, at *2 (S.D. Cal. Apr. 8, 2021) (cleaned up). Bibbs's allegations concern an incident that took place on November 13, 2023, when Bibbs was on suicide watch but was "sprayed with OC," "removed from [his] cell" "without any [medical] clearance," "was not allowed to decontaminate," and was transferred facilities "despite being suicidal and being on suicide watch." (ECF 1, at 3–5.) These allegations concern a past injury. Nothing in Bibbs's complaint satisfies the imminent-danger exception.

## CONCLUSION

Thus, Bibbs's case is **DISMISSED** without prejudice for failure to pay the filing fees. Because Bibbs is not entitled to proceed in forma pauperis, the Clerk of Court is directed to close this case. The Court also "certifies in writing" that an in forma pauperis appeal of this Order would be frivolous and "not taken in good faith." 28 U.S.C. § 1915(a)(3).

Dated:  July 7, 2025

Andrew G. Schopler
United States District Judge